IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Criminal No.: RDB-19-337** |
| **DARYL ALBERT VARNUM** | * | |

\* \* \* \* \*
**MOTION TO SUPPRESS STATEMENTS**

Daryl Varnum, through his undersigned counsel, hereby respectfully moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress any and all statements, admissions and confessions allegedly given by the defendant, whether oral, written or otherwise recorded, which the government proposes to use as evidence against the defendant at trial, and in support of the motion alleges as follows:

1. Mr. Varnum is charged in a one (1) count indictment alleging a threat against a federal official in violation of 18 U.S.C. § 115(a)(1)(B).

2. The facts of the case are detailed in a Motion to Suppress Evidence filed contemporaneously with this motion. In short, Mr. Varnum is alleged to have left a threatening voicemail at a district office for a Florida Congresswoman. He was arrested on July 8, 2019. After that arrest, he was interviewed by federal agents.

3. Any and all statements, admissions, or confessions were obtained in violation of Mr. Varnum's privilege against self-incrimination, his right to counsel as guaranteed by the Fifth and Sixth Amendments to the United States Constitution, the Supreme Court's holding in <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and were otherwise involuntary.

4. Any statements, admissions, or confessions were also the fruit of Mr. Varnum's illegal seizure and arrest and in violation of the Fourth Amendment of the United States

Constitution. This argument is raised in the contemporaneously-filed motion to suppress evidence and Mr. Varnum adopts those arguments supporting this motion. Further, any statements made by Mr. Varnum during the time period he was detained pursuant to his unlawful arrest represents "fruit of the poisonous tree" and must be suppressed under <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

5. Though he believes the bulk of discovery has been disclosed, Mr. Varnum respectfully reserves the right to supplement this motion as additional facts become available through further disclosure or investigation.

**WHEREFORE**, as a result of the constitutional violations alleged herein, Mr. Varnum requests that this Court enter an Order suppressing any and all statements made by Mr. Varnum.

 Respectfully submitted,

 JAMES WYDA
 Federal Public Defender

  /s/
 BRENDAN A. HURSON (Bar # 28179)
 Assistant Federal Public Defender
 100 South Charles Street
 Tower II, Ninth Floor
 Baltimore, Maryland, 21201
 Phone: (410) 962-3962
 Fax: (410) 962-0872
 Email: brendan_hurson@fd.org

## STATEMENT OF POINTS AND AUTHORITIES

1. Brown v. Illinois, 422 U.S. 590 (1975).

2. McNabb v. United States, 318 U.S. 332 (1943).

3. Mincey v. Arizona, 437 U.S. 385 (1978).

4. Miranda v. Arizona, 384 U.S. 436 (1966).

5. Wong Sun v. United States, 371 U.S. 471 (1963).

/s/
BRENDAN A. HURSON
Assistant Federal Public Defender

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on Defendant's motion.

/s/
BRENDAN A. HURSON
Assistant Federal Public Defender